IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**EDWARD LAVERNE SMITH,**

    **Plaintiff,**

**vs.**                                                **CASE NO. 1:06CV55-MP/AK**

**J. L. SWARTZ,**

    **Defendant.**

_____/

## Report and Recommendation

Plaintiff brings this cause of action *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983 alleging that Defendant was deliberately indifferent to his serious medical needs.  (Doc. 8).  Defendant filed a special report (doc. 19), which was construed as a motion for summary judgment.  (Doc. 21).  Although Plaintiff was advised of his obligations in responding to a motion for summary judgment (doc. 20) and sought additional time to respond (doc. 23), which was granted (doc. 25), he has filed no response.

**I.**    **Amended Complaint (doc. 8)**

Plaintiff complains that he sought treatment from Defendant, Dr. Swartz, for what he believed were insects biting him.  (Doc. 8, p. 7).  Dr. Swartz diagnosed the condition as scabies, but later examined the bugs Plaintiff brought to him and thought they were mites, which he treated with a cream that allegedly did not work.  Dr. Swartz also

ordered that Plaintiff's bed area be sprayed, but the mites returned and have caused Plaintiff constant itching and scratching, black spots on his body, sleeplessness, pain, and "psychological torture." Plaintiff claims that Dr. Swartz has refused to treat him for this infestation.

Plaintiff seeks $50,000.00 in damages and injunctive relief, i.e. a "cure" for his medical condition.

II.     **Standard of Review**

A district court should grant summary judgment when, "after an adequate time for discovery, a party fails to make a showing sufficient to establish the existence of an essential element of that party's case." Nolen v. Boca Raton Community Hospital, Inc., 373 F.3d 1151, 1154 (11th Cr. 2004), *citing* Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986). All issues of material fact should be resolved in favor of the Plaintiff or non-moving party before the Court determines the legal question of whether the defendant is entitled to judgment as a matter of law under that version of the facts. Durruthy v. Pastor, 351 F.3d 1080, 1084 (11th Cir. 2003); Skrtich v. Thornton, 280 F.3d 1295, 1299 (11th Cir. 2002). The Plaintiff has the burden to come forward with evidentiary material demonstrating a genuine issue of fact for trial. Celotex, 477 U.S. at 322-23. Plaintiff must show more than the existence of a "metaphysical doubt" regarding the material facts, Matsushita Electric Industrial Co., LTD. v. Zenith Radio Corporation, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986), and a "scintilla" of evidence is insufficient. There must be such evidence that a jury could reasonably return a verdict for the party bearing the burden of proof. Anderson v. Liberty Lobby, 477 U.S. 242,

**No. 1:06cv55-MP/AK**

251, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986). "For factual issues to be considered genuine, they must have a real basis in the record." Mize v. Jefferson City Board of Education, 93 F.3d 739, 742 (11th Cir. 1996).

"Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Owen v. Wille, 117 F.3d 1235, 1236 (11th Cir. 1997), *cert. denied* 522 U.S. 1126 (1998), *quoting* Celotex, 477 U.S. at 324, 106 S. Ct. at 2553 (quoting Fed. R. Civ. P. 56(c), (e)). The nonmoving party need not produce evidence in a form that would be admissible as Rule 56(e) permits opposition to a summary judgment motion by any of the kinds of evidentiary materials listed in Rule 56(c). Owen v. Wille, 117 F.3d at 1236; Celotex, 477 U.S. at 324, 106 S. Ct. at 2553.

While a moving party is not required to support his motion for summary judgment with affidavits, Celotex, supra at 323, the facts stated in uncontradicted affidavits or other evidentiary materials must be accepted as true for purposes of summary judgment. Gauck v. Meleski, 346 F.2d 433, 436 (5th Cir. 1965).

### III. Defendant's Rule 56(e) evidence

Defendant has provided Plaintiff's Chronological Record of Health Care which shows that Dr. Swartz first saw Plaintiff on June 6, 2005, for his complaints regarding insect bites and the doctor found multiple bites all over which he diagnosed as scabies and prescribed cream. (Exhibit A-2).

**No. 1:06cv55-MP/AK**

Plaintiff was again treated for "bugs burrowing into his skin" on June 15, 2005, which Dr. Swartz diagnosed as allergic dermatitis. Cortisone was prescribed and Plaintiff was to return in 2 weeks. (Exhibit A-3).

On July 1, 2005, Dr. Swartz saw him again and mycolog cream was prescribed for an allergic reaction, and Plaintiff was told to bring the bugs into the clinic. (Exhibit A-4).

On July 8, 2005, Plaintiff brought bugs of unknown type to the Defendant and Defendant ordered his bunk sprayed for infestation, and the linens changed, as well as new cream prescribed. (Exhibit A-4).

Plaintiff was seen after these examinations several times in November 2005, but there are no entries regarding bugs or a rash. (Exhibit A-5).

The next entry is from Cross City CI, where he was treated by Dr. Ann Duong on November 23, 2005, for "lice" which were not noted on exam, and dandruff shampoo was prescribed. (Exhibit A-6).

Generic Nursing Assessment sheets show he complained of "mites all over my body" on May 31, 2005, (Exhibit B-2), and on June 14, 2005. (Exhibit B-3). Plaintiff had a doctor's visit after the first assessment and no appointment was scheduled after June 14th because he had already seen the physician.

Physician Order Sheets show medicine prescribed as set forth *supra*. (Exhibits C-1 and C-2).

A Rash Assessment form dated September 26, 2005, shows that he had previously been treated for scabies or other insects and presented with a "few scattered

**No. 1:06cv55-MP/AK**

bumps" on his arms and abdomen. (Exhibit D). He was prescribed cortisone cream and Benadryl.

## IV.    Analysis

Medical claims under the Eighth Amendment have an objective and subjective component, each of which additionally is considered to encompass two subsidiary requirements. Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000), cert. denied, 531 U.S. 1077, 121 S.Ct. 774, 147 L.Ed.2d 673 (2001). The "objective component" of the Eighth Amendment standard requires a determination whether the alleged wrongdoing was objectively harmful enough to establish a constitutional violation. See Wilson v. Seiter, 501 U.S. 294, 303, 111 S.Ct. 2321, 2326, 115 L.Ed.2d 271 (1991). This objective component varies with the situation and the conduct in question and is responsive to "contemporary standards of decency." Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); see also Rhodes v. Chapman, 452 U.S. 337, 346, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981). An objectively serious deprivation requires (1) showing an objectively "serious medical need." Estelle, 429 U.S. at 104. A serious medical need is one that, if left unattended, "pos[es] a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994). In addition, an objectively serious deprivation requires (2) showing the response made by the defendant to that need was so deficient as to constitute "an unnecessary and wanton infliction of pain" and not simply "negligen[ce] in diagnosi[s] or treat[ment]," or even "[m]edical malpractice" actionable under state law. Estelle, 429

**No. 1:06cv55-MP/AK**

U.S. at 105-06 (internal quotation marks omitted). See Taylor, 221 F.3d at 1257; see also Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003).

A serious medical need is considered "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Farrow, at 1243, quoting Hill v. Dekalb Regional Youth Detention Center, 40 F.3d 1176, 1187 (11th Cir. 1994).

To show the required subjective intent to punish the plaintiff must demonstrate that the defendant acted with an attitude of "deliberate indifference." Estelle, 429 U.S. at 105. This is defined as requiring (1) an "aware[ness] of facts from which the inference could be drawn that a substantial risk of serious harm exists" and (2) the actual "draw[ing of] the inference." Farmer, 511 U.S. at 837. In sum, in a claim of denial of medical attention under the Eighth Amendment "[u]ltimately, there are [] four requirements: an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need, and an actual inference of required action from those facts." Taylor, 221 F.3d at 1258.

Although Plaintiff complains that Dr. Swartz did not treat him for the bug infestation, the medical records show that Plaintiff was seen numerous times and prescribed various creams for his skin condition, which appears to have resolved except for a few bumps by September 26, 2005. (See Exhibit D). Although it is not precisely clear when Plaintiff was transferred from Mayo CI, where Dr. Swartz treated him, it is clear that by at least November 2005, he was in the care of another physician who noted no lice or bugs upon him. The medical records also support that Defendant

**No. 1:06cv55-MP/AK**

treated the skin conditions, whatever their cause, with various creams, and also ordered his bed and bed linens to be treated for bug infestation.  Plaintiff has come forward with no evidentiary material to support his claims that Defendant ignored or was otherwise indifferent to his medical issues, and therefore, the undersigned is of the opinion that his claims are not well taken and summary judgment should be rendered in Defendant's favor.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's Motion for Summary Judgment (doc. 21) be **GRANTED**, and this cause dismissed and that the order adopting this report and recommendation direct the clerk of court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Gainesville, Florida, this   3rd    day of January, 2008.


*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 1:06cv55-MP/AK**